IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LARRY DAVIS, | * | |
| Plaintiff, | * | |
| VS. | * | CASE NO. 4:05-CV-39 (CDL) |
| | | 42 U.S.C. § 1983 |
| BOB POYDASHEFF, RALPH JOHNSON, TERRRI EZELL, | * | |
| and MUSCOGEE COUNTY | * | |
| Defendants. | * | |

**RECOMMENDATION OF DISMISSAL**

Before the court is Defendants' Motion to Dismiss, filed on November 11, 2005. Plaintiff was notified of his right to respond to the Motion to Dismiss, which was thereafter filed on December 1, 2005.

**LEGAL STANDARDS FOR MOTION TO DISMISS**

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that

could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*.

**DISCUSSION**

In his original complaint, the Plaintiff alleged that the Muscogee County Jail did not provide adequate medical examinations, blood tests or tuberculosis tests; failed to provide detailed fire escape routes; failed to provide adequate law library access; failed to provide adequate footwear; and failed to provide direct sunlight to the inmates. (R-2). After filing a Motion to Amend the complaint, which was granted, the Plaintiff amended his complaint to include allegations that the Muscogee County Jail is required to provide three adequate meals per day; that medical personnel should provide information regarding side effects of medication; that the jail should be treated for rodents and insects; that the Jail should provide adequate hygiene products such as soap, shampoo, toothpaste, toilet paper and deodorant at no cost; that emergency buttons in cells should be functional; that routine checkups should be required; that ice and water should always be provided and that inmates should receive a jail operations manual upon entry to the facility. (R- 11).

In their Motion to Dismiss, the Defendants move the court to dismiss the Plaintiff's complaint for several reasons. First, the Defendants contend that the Plaintiff failed to exhaust his available administrative remedies by appealing the initial denial of his grievance. They further contend that the complaint should be dismissed as the Plaintiff has failed to allege more than a *de minimus* injury as is required by law and further, that Plaintiff has been transferred since the filing of the lawsuit, thus making his complaint moot.

**I.      Exhaustion of Available Remedies**

42 U.S.C. § 1997e(a), provides that: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C.§ 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "An inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999).  Section 1997(e(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998).  The Eleventh Circuit has held that the exhaustion requirement pursuant to § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature.  *Id*. An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a § 1983 lawsuit.

Defendants have provided the *Inmate Handbook*, p. 13-15 which confirms that the Muscogee County Jail has an administrative grievance system. (Exh. A).  The grievance system requires that a prisoner with complaints file a written grievance, receive a written response, and **then file a written appeal in order to exhaust the administrative grievance system**. (Tab16, Ex. A)(emphasis added). Defendants state through Affidavit of Terri Ezell, Warden of the Muscogee County Jail, that the *Inmate Handbook* is a true and accurate copy and that each inmate is given a copy of the *Inmate Handbook* upon entering the Muscogee

County Jail.  (Tab 16, Ex. B).

The Defendants have also attached to their Motion a copy of Plaintiff's original Grievance form wherein he made complaints similar to those in his Complaint in this case on March 31, 2005. (Exh. C).  On April 5, 2005, the Grievance Officer responded to Plaintiff's complaints in writing. *See,* Exh. C.  On the same page, the Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he would like to appeal the decision or not.  The exhibit provided by the Defendants shows that the Plaintiff did not circle either Yes or No in response to whether he wished to appeal the decision.  Thus, pursuant to procedure at the Muscogee County Jail, the grievance was not appealed, which would have exhausted the grievance procedure in place at the time Plaintiff was an inmate at the Jail.

As such, Plaintiff did not exhaust his available administrative remedies before filing the current action.  Therefore, Plaintiff's complaint must be dismissed for his failure to exhaust said remedies.

## II.    Physical Injury

The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Additionally, the Eleventh Circuit Court of Appeals has recently held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature

and must be more than ***de minimis***. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000) (emphasis added). In both his original complaint and his amended complaint, the Plaintiff made mention only once of any physical injury resulting from the conditions of the Muscogee County Jail. Specifically, he stated that the shower slides the inmates are required to wear cause scars on his feet and are uncomfortable.

After review of the pleadings in this case, therefore, it appears that the Plaintiff's case is subject to dismissal. Plaintiff has failed to state a claim upon which relief may be granted as he has alleged no more than a minor physical injury resulting from the abovementioned actions.

### III.   Complaint is Moot

The Eleventh Circuit Court of Appeals has held that any claims regarding the conditions of his confinement made by an inmate who is requesting declaratory or injunctive relief become moot once the Plaintiff is transferred to another facility. *Spears v. Thigpen*, 836 F.2d 1327 (11th Cir. 1988); *citing, Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)(holding that absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.)

In this case, the Plaintiff filed suit against the Defendants on April 12, 2005. (R-2). On July 18, 2005, the clerk's office filed a letter sent by the Plaintiff informing the court that he had been transferred to the Augusta State Medical Prison in Grovetown, Georgia. (R- 14).

Thus, Plaintiff is no longer an inmate at the Defendant Muscogee County Jail. Pursuant to legal precedent, therefore, the claims made by Plaintiff in his complaints fail to present any case in controversy, should be deemed moot, and the case dismissed.

**ACCORDINGLY**, for the reasons set forth above, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion to Dismiss filed by the Defendants be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 26th day of January, in the year 2006.

                                          S/ G. MALLON FAIRCLOTH
                                          UNITED STATES MAGISTRATE JUDGE

sWe